United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACOB NOEL ENCALADE,

Plaintiff,

v.

SAN FRANCISCO COUNTY JAIL,

Defendant.

Case No.  25-cv-10551-HSG

**ORDER OF DISMISSAL**

Plaintiff, who is currently incarcerated at San Francisco County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983.  His complaint (ECF No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Complaint**

The complaint names as defendant San Francisco County Jail Department. Plaintiff's handwriting is hard to read, but the complaint appears to allege the following. Deputies broke Plaintiff's arm. Plaintiff was treated for the resulting injury for four months. Plaintiff was then transferred from the facility. Upon being transferred back, Plaintiff's shoulder was re-injured and all his medical treatment and doctor visits were ignored and denied. Plaintiff was sexually degraded and laughed at. Plaintiff was accused of fighting without a weapon "due to a command" to "fuck [him] up and strip [him] down." The sergeant kept yelling, "He's crazy." Plaintiff was barely able to stand due to having an entire can of mace to his face and head. Plaintiff was compliant with the deputy's orders. Plaintiff was violated for speaking up and getting attention so that he could breathe and not go into full shock. Plaintiff passed out more than three times in prison. Plaintiff requests the following relief: $20,000; replacement of every copy of all his grievances; and an apology for the physical, sexual, and psychological trauma. *See generally* Dkt. No. 1.

**C.      Dismissal of Complaint as Duplicative**

The Court DISMISSES this action as duplicative of C No. 25-cv-10192 HSG, *Encalade v. San Francisco Cty Jail* ("*Encalade I*"). Plaintiff sues the same entity – San Francisco County Jail – in both this action and in *Encalade I*. He also generally recounts the same events in this action and in *Encalade I*. *Compare* Dkt. No. 1 with *Encalade I*, Dkt. No. 1. In fact, Plaintiff has filed the same exhibits in both cases. *Compare* Dkt. No. 4 with *Encalade I*, Dkt. No. 6. Duplicative or

United States District Court
Northern District of California

United States District Court
Northern District of California

repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Further, an *in forma pauperis* complaint that merely repeats pending claims may be considered abusive and dismissed under Section 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021. Dismissal is with prejudice because amendment would be futile. *Plumeau v. Sch. Dist. #40, Cty of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

### CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint with prejudice. Judgment is entered in favor of Defendant and against Plaintiff. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated:  6/2/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

3